**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DAVID STEVENS,

                Plaintiff,

  - against -

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/10

09 Civ. 3108 (RMB) (HBP)

**DECISION & ORDER**

### I. Background

On April 1, 2009, David Stevens ("Plaintiff") filed a complaint ("Complaint") against Michael J. Astrue, the Commissioner of Social Security ("Defendant" or "Commissioner"), pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("Social Security Act"), seeking review of a final decision, dated May 7, 2008, of an administrative law judge ("ALJ") of the Social Security Administration. (See Compl. ¶¶ 1, 2, 11; see also Administrative Record [#10], dated May 7, 2008 ("A.R."), at 19–20.) The ALJ had denied Plaintiff's applications for social security disability benefits and supplemental security income benefits, which Plaintiff had filed on January 6, 2006 and January 30, 2006, respectively, on the grounds that Plaintiff is "not disabled" and "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (A.R. at 18–19.) On February 11, 2009, the Social Security Administration's Appeals Council ("Appeals Council") denied a request from Plaintiff, dated July 9, 2008, seeking review of the ALJ's decision. (A.R. at 5–7 (Notice of Appeals Council Action, dated Feb. 11, 2009 ("[W]e considered the reasons you disagree with the decision . . . [and] [w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision.")).)

On July 31, 2009, Plaintiff filed a motion for judgment on the pleadings ("Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requesting that this Court reverse the ALJ's May 7, 2008 decision finding that Plaintiff "was not under a disability within the meaning of . . . the [Social Security] Act" or, alternatively, remand the case to the Social Security Administration for a new administrative hearing because, among other reasons: (1) "[t]he ALJ failed to give proper weight to the opinion of the Plaintiff's treating physician," Dr. Crossley O'Dell ("O'Dell"); and (2) the "ALJ . . . gave only cursory, incomplete and erroneous reasons as to why he found Plaintiff not credible." (Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings, dated July 31, 2009 ("Pl. Mem."), at 11, 18.)

On September 10, 2009, Defendant filed a cross-motion for judgment on the pleadings ("Cross-Motion") requesting that the ALJ's May 7, 2008 decision be affirmed because, among other reasons: (1) the "ALJ properly relied on the reports and opinions of several consultative examiners" in determining that O'Dell's opinions were not "well[-]supported by medically acceptable clinical and laboratory diagnostic techniques [or] consistent with other substantial evidence in the record"; and (2) the ALJ's finding that Plaintiff's complaints were "not fully credible . . . was properly based on a thorough and explicit evaluation of [P]laintiff's credibility." (Mem. in Supp. of Def.'s Cross-Mot. for J. on the Pleadings, dated Sept. 10, 2009 ("Def. Mem."), at 17, 20, 21.)

On September 29, 2009, Plaintiff filed a reply. On October 15, 2009, Defendant also filed a reply.

On or about July 12, 2010, United States Magistrate Judge Henry B. Pitman, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"),

2

recommending that Defendant's Cross-Motion be granted and Plaintiff's Motion be denied, and that the Complaint be dismissed. (See Report at 83.) Judge Pittman determined, among other things, that: (1) "the ALJ applied the substance of the treating physician rule by considering the medical support for O'Dell's opinion and the consistency of his opinion with the other evidence in the record . . . and gave good reasons for his rejection of the opinion"; and (2) the "ALJ validly exercised [his] discretion in concluding that [P]laintiff's complaints [of pain] were not fully credible." (Report at 72, 76 (quotations and citations omitted).)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections." (Report at 84.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.  Standard of Review

In the absence of objections, a district court may adopt those sections of a magistrate judge's report and recommendation that are not clearly erroneous. Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); DirecTV Latin America, L.L.C. v. Park 610, L.L.C., 614 F. Supp. 2d 446, 448 (S.D.N.Y. 2009). "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd., No. 00 Civ. 2389, 2008 WL 4549118, at *1 (S.D.N.Y. Oct. 8, 2008) (internal citations omitted). "A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the

3

Magistrate Judge as to such matters." DirecTV, 614 F. Supp. 2d at 448; see also Knox v. Palestine Liberation Org., 628 F. Supp. 2d 507, 508 (S.D.N.Y. 2009).

### III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of the Report, the Court finds that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

### (1) Treating Physician

Judge Pitman determined that the "ALJ validly declined to afford [the treating physician's] opinion controlling weight because it was inconsistent with the other substantial evidence in . . . [the] record." (Report at 71 (internal quotations omitted)); see also Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) ("the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts"); (see A.R. at 325–26 (opinion of O'Dell that Plaintiff "cannot work" and could never twist, stoop, crouch, or climb stairs); but see A.R. at 219 (Dr. David Guttman concluded that Plaintiff has a "moderate restriction to bending, lifting, carrying, and squatting"), 268 (Dr. Rose Chan opined that Plaintiff has a "[m]oderate limitation for stooping, prolonged walking, and climbing"), 279 (Dr. Puri Kautilya concluded that Plaintiff had "no objective limitations to his activities of daily living on examination day").)

### (2) Credibility

Judge Pitman concluded that the "ALJ validly exercised [his] discretion in concluding that [P]laintiff's complaints [of pain] were not fully credible" based upon, among other things,

4

evidence of "repeated . . . examinations [that] have consistently shown overall minimal findings," see p.4, infra, and the ALJ's assessment of Plaintiff's appearance and demeanor at the administrative hearing. (Report at 76–78; see A.R. at 18 (ALJ noting that Plaintiff was "not in any obvious pain or discomfort" and "lacked the general appearance of a person who might have been experiencing prolonged or severe pain"); see also Montalvo v. Astrue, No. 08 Civ. 2176, 2010 WL 1223322, at *8 (E.D.N.Y. Mar. 22, 2010) ("The ALJ specifically looked at plaintiff's appearance at the hearing as well as her daily activities [when he] properly determined that she could perform sedentary work."); Audi v. Astrue, No. 07 Civ. 1220, 2009 WL 3199481, at *12 (N.D.N.Y. Sept. 30, 2009) ("The ALJ is entitled to deference in his assessment of credibility when, as here, he sees the Plaintiff testify and is able to assess his demeanor.").

## IV. Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Magistrate Judge Pitman's Report in its entirety, denies Plaintiff's Motion [#12] and grants Defendant's Cross-Motion [#18]. The Clerk of Court is respectfully requested to enter judgment and close this case.

Dated: New York, New York
       July 28, 2010

                                            **RICHARD M. BERMAN, U.S.D.J.**